IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DAMON O'NEAL MILLER, §
§
    Petitioner, §
§
v. § No. 4:12-CV-776-A
§
RICK THALER, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
§
    Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

    This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Damon O'Neal Miller, a state prisoner currently incarcerated in Teague, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

    On August 24, 2005, a jury convicted petitioner of aggravated robbery with a deadly weapon in the Criminal District Court Number Three of Tarrant County, Texas, and, on September 6,

2005, the trial court assessed his punishment at 30 years' confinement. (State Habeas R. at 111[1]) Petitioner appealed his conviction, but the Seventh District Court of Appeals of Texas affirmed the trial court's judgment, and, on October 10, 2007, the Texas Court of Criminal Appeals refused his petition for discretionary review. *Miller v. Texas*, No. 07-05-0410-CR, slip op. (Tex. App.-Fort Worth May 30, 2007) (not designated for publication); *Miller v. Texas*, PDR No. 0842-07. Petitioner did not seek writ of certiorari. (Pet. at 3)

Petitioner filed an application for writ of habeas corpus, raising the issues presented herein, in state court on October 12, 2009, which was denied on November 11, 2012, by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (State Habeas R. at cover, 2, 7-9) This federal petition was filed in the Dallas Division on October 29, 2012, and subsequently transferred to this division.[2] Petitioner

---

[1] "State Habeas R." refers to the court record of petitioner's state habeas application no. WR-74,364-02.

[2] Under the prison mailbox rule, a document is deemed filed at the time it is delivered to prison authorities for mailing in the prisoner context. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner did not sign his petition or indicate when he placed the petition in the prison mailing system. (Pet. at 10) Thus, he is not given the benefit of the prison mailbox rule, and, even if he were, it would not change

2

raises three grounds, in which he claims he received ineffective assistance of trial counsel. (Pet. at 6-7)

As ordered, respondent has filed a preliminary response addressing only the issue of limitations. Petitioner did not file a reply within the time permitted.

## II. STATUTE OF LIMITATIONS

Respondent asserts the petition is untimely and should be dismissed. (Resp't Prel. Resp. at 1-5) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly

---

the result.

recognized by the Supreme Court and made
retroactively applicable to cases on collateral
review; or

      (D) the date on which the factual predicate
of the claim or claims presented could have been
discovered through the exercise of due diligence.

  (2) The time during which a properly filed
application for State post-conviction or other
collateral review with respect to the pertinent
judgment or claim is pending shall not be counted
toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioner's ineffective assistance claims relate to alleged acts or omissions by counsel before and during trial. Thus, under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on January 8, 2008. Thus, the limitations period began on January 9, 2008, and closed one year later on January 8, 2009, absent any tolling. *See id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); Sup. Ct. R. 13.

Petitioner's state habeas application filed on October 12,

2009, after the limitations period had already run, did not operate to toll the limitations period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner replied to respondent's preliminary response explaining his delay in seeking habeas relief or otherwise alleged or demonstrated that he pursued his rights diligently but was prevented from timely filing by some extraordinary circumstance that would justify equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).

Petitioner's federal petition was due on or before January 8, 2009, absent statutory or equitable tolling. Petitioner's petition filed on October 29, 2012, was filed beyond the limitations period and is, therefore, untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate

Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated his petition was timely filed and made a substantial showing of the denial of a constitutional right.

SIGNED February 7, 2013.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE